UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **IVORY LANE SIMON**  **DOC #505008** | **:** | **CIVIL ACTION NO. 15-cv-1925**  **SECTION P** |
| **VERSUS** | **:** | **JUDGE MINALDI** |
| **STATE OF LOUISIANA** | **:** | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is the application for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by *pro se* petitioner Ivory Lane Simon ("Simon"). Simon is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at Winn Correctional Center in Winnfield, Louisiana.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the application be **DENIED** and **DISMISSED WITH PREJUDICE.**

### I.
#### BACKGROUND

Following a jury trial in the Thirty-First Judicial District Court in Jefferson Davis Parish, Simon was convicted of attempted second degree murder. *Simon v. Warden Allen Correctional Ctr.*, 2012 WL 7004292 at *1 (W.D. La. Oct. 23, 2012). He was sentenced on June 26, 2006, to fifteen years at hard labor. *Id.* He appealed his conviction to the Louisiana Third Circuit Court of Appeal which affirmed on October 3, 2007. *State v. Simon*, 964 So. 2d 491 (La. Ct. App. 3d Cir.

2007); Doc. 4, p. 2. Simon sought further direct review in the Louisiana Supreme Court, which denied his application on March 14, 2008. *State v. Simon*, 977 So.2d 930 (La. 2008); Doc. 4, p. 2. He did not seek further direct review in the United States Supreme Court. Doc. 4, p. 3.

Simon filed an application for post-conviction relief in the Thirty-First Judicial District Court, which denied reconsideration on December 18, 2008. *Id.* at 4–5. His appeal was denied by the Louisiana Third Circuit Court of Appeal which found "no error in the trial court's ruling," on June 4, 2009. *Simon*, 2012 WL 7004292 at *2. The Louisiana Supreme Court denied review of his writ on May 7, 2010. *State ex rel. Simon v. State*, 34 So. 3d 856 (La. 2010).

Simon filed his first application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 27, 2010. *Simon*, 2012 WL 7004292 at *2. As grounds for relief he cited his exclusion from the courtroom during trial, ineffective assistance of counsel, and insufficiency of the evidence. *Id.* at *3. All of these were reviewed on the merits by Magistrate Judge Kay and recommended for dismissal on October 23, 2012. *Id.* at *3–*8. Judge Minaldi adopted the report and recommendations of Magistrate Judge Kay and the petition was dismissed with prejudice on February 1, 2013. *Simon v. Warden Allen Correctional Ctr.*, 2013 WL 430900 at *1 (W.D. La. Feb. 1, 2013). Simon's application for a certificate of appealability was denied by the Fifth Circuit on July 31, 2013. *Simon v. Warden Allen Correctional Ctr.*, No. 2:10-cv-1370, doc. 34.

Thereafter Simon filed a "motion to correct an illegal sentence from an unconstitutional prosecution and conviction," which was denied by the trial court on December 4, 2013. Doc. 1, att. 1, pp. 10–11. Simon's January 15, 2014, application for writ of review filed with the Third Circuit Court of Appeal was denied as untimely on July 10, 2014. *Id.* at 12.

The instant writ of habeas corpus was filed on June 18, 2015. Doc. 1. Here Simon asserts that his conviction was obtained in violation of the United States Constitution because (1) the trial

court failed to rule on his motion to quash time limitation, (2) the Third Circuit failed to rule on a petition for a writ of mandamus, and (3) the bill of information was defective. Doc. 4, p. 5.

## II.
### LAW AND ANALYSIS

The Fifth Circuit has found that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 n. 7 (5th Cir. 1999). Thus, the focus of the inquiry is whether the petitioner received an adjudication on the merits of his claims in the prior petition.

Simon filed a prior petition for habeas corpus pursuant to § 2254 on August 27, 2010. On October 23, 2012, Magistrate Judge Kay addressed the merits of his claims for relief and recommended dismissal of the petition. On February 1, 2013, Judge Minaldi adopted the report and recommendation and entered a judgment dismissing the petition. Although the AEDPA does not set forth what constitutes a "second or successive" application, the Fifth Circuit has long held that "a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Simon's claims herein were either raised in his previous petition or could have been. Furthermore, his prior petition was dismissed with prejudice on the merits. This petition is therefore successive.

"Before a second or successive application permitted by [§ 2254] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Accordingly, Simon must obtain authorization to file this petition from the Fifth Circuit before we can review it. *See, e.g.*, *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999).

Simon has not yet applied for nor received permission from Fifth Circuit Court of Appeals to file this successive petition in the district court as required by statute. Therefore this court lacks jurisdiction to consider his claims.

### III.
#### CONCLUSION

The undersigned concludes that the appropriate action for this court to take is to dismiss this action due to Simon's failure to obtain proper authorization from the United States Fifth Circuit Court of Appeals. Accordingly,

**IT IS RECOMMENDED** that the instant action be **DISMISSED WITHOUT PREJUDICE** because the instant petition constitutes a second or successive habeas petition within the meaning of 28 U.S.C. § 2244(b) filed without prior authorization of the United States Fifth Circuit Court of Appeals.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE this 14th day of December, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE